UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00083-TBR-LLK

VARINA FALKNER-DOSS                                                                                                           PLAINTIFF

v.

M.B.T. TRANSPORT, INC., *et al.*                                                                   DEFENDANTS

**SETTLEMENT CONFERENCE ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery motions. [DN 7]. Further, it was referred to Judge King for a settlement conference. [DN 91].

On May 18, 2020, the Court conducted a telephonic status conference with counsel for all parties in attendance. [DN 94]. Following discussions with counsel at that time, **IT IS HEREBY ORDERED**:

**Counsel shall review the entirety of this Order. Counsel shall further send a copy of the Order and discuss it in detail with his or her client(s), as well as any persons required to attend the settlement conference (*see infra*). Anyone who fails to comply with any provision of this Order may be subject to the full range of sanctions authorized by law.**

The Court's Settlement Conference Order setting a Settlement Conference for June 2, 2020, [DN 94], is hereby **VACATED**.

A settlement conference is now set to take place at: **United States Courthouse, 501 Broadway, Paducah, Kentucky, on July 21, 2020, commencing at 9:30 a.m. Central Time (10:30 a.m. Eastern Time)**. In addition to counsel who will try the case being present, it is required that each party, armed with full discretion, shall also attend in person. If a corporation or

other collective entity is a party, a duly authorized party representative shall be present. The party representative must have **full settlement authority**, meaning he or she must be fully authorized to approve a settlement and must have authority to change the party's valuation of the case and settlement posture at any point during the conference. If a party representative has a limit, or "cap," on his or her authority, or requires telephone consultation with the corporate office, this requirement is not satisfied.[1] **Do not fail to bring your client, or a fully authorized client representative, to the settlement conference.**

All participants will be allowed to bring their cell phones into the Courthouse during the settlement conference.

No later than the close of business on **July 14, 2020**, the Parties shall deliver directly to the Magistrate Judge, ex parte settlement conference statements that specify their respective settlement positions and **must include the following** (or state if any of the requested information is unknown):

1) A candid assessment of the strengths and weaknesses of both sides of the case;
2) An appraisal of the issue of liability;
3) A listing of the parties and the names and job titles of the party representative(s) who will be attending the settlement conference as well as a description of their relationship to the case at issue;
4) A description of any applicable or potentially applicable insurance coverage;

---

[1] *See Holly v. UPS Supply Chain Sols., Inc.*, No. 3:13-CV-980-DJH-CHL, DN 38 (W.D. Ky. Mar. 27, 2015), *objections overruled by* No. 3:13-CV-980-DJH-CHL, DN 58, 2015 WL 4776904, at *5-6, (W.D. Ky. Aug. 12, 2015) (Imposing sanctions for appearing at a settlement conference with representative who had to "call the home office" to obtain variance from a predetermined cap on authority in violation of the settlement conference order.).

5) An itemization of special damages and evaluation of causation for same;

6) An evaluation of non-economic damages and evaluation of causation for same;

7) A description of the status of discovery to date and discovery to be taken in the future;

8) An assessment of the economic cost of proceeding to trial;

9) The status of settlement negotiations to date, including the amounts of any offers/demands made by each party; and

10) A draft settlement agreement, if the party anticipates requesting special terms, such as a confidentiality or indemnity provision, be included in a final settlement agreement.

Each statement is to be furnished only to the Court and not the other side. **The statements shall not be filed with the Clerk of the Court, but shall be furnished by emailing same to the undersigned, in .pdf format, to Judge_King_Chambers@kywd.uscourts.gov**.

All counsel are advised that the Magistrate Judge may conduct *ex parte* **calls** in advance of the settlement conference regarding attendance at the conference, the party's valuation of the case, and other matters related to settlement only.

**IT IS FURTHER ORDERED** that at least 14 days prior to the settlement conference, Plaintiff's counsel shall submit a written itemization of damages and settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than 7 days prior to the settlement conference, Defendant's counsel shall submit a written offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

**IT IS FURTHER ORDERED** that if a party believes that special circumstances justify an exception to any part of this Order, including the individuals required to attend the conference, counsel for that party must contact Judge King's chambers by e-mail at

Judge_King_Chambers@kywd.uscourts.gov at least fourteen (14) days before the date of the scheduled conference. An exception to this Order will only be granted for extraordinary circumstances. No exception will be effective until it has been approved by the Court.

**IT IS FURTHER ORDERED** that the Court shall conduct a telephonic status conference on **July 6, 2020,** at **2:00 p.m. Central (3:0 p.m. Eastern)**. At that time, counsel shall connect to the call by dialing the toll-free meeting number **1-877-848-7030** and entering access code **7238577#** when prompted.

**IT IS SO ORDERED.**
May 20, 2020

**Lanny King, Magistrate Judge**
**United States District Court**

c: Counsel of Record

p: 0.11